HYSKO v. MORAWSKI.

1. SALES—SECOND-HAND GOODS—NO IMPLIED WARRANTY AS TO FITNESS.
    As a general rule, there is no implied warranty on the sale of second-hand articles that the thing purchased is fit for the purpose for which it is to be used.[1]

2. SAME—FRAUD—MISREPRESENTATION INDUCING PURCHASE GROUND FOR RESCISSION.
    If the seller of second-hand pool room equipment uncovered but two of the pool tables and assured the buyer that the other four "were just the same," when in fact the beds of the others were cracked and plastered rendering them unfit for use, and the buyer relied on said statement, he would be justified in rescinding the contract of purchase, although it was in writing and contained no express warranty of the condition of the tables.[2]

3. SAME—EVIDENCE—MISREPRESENTATIONS—QUESTION FOR JURY.
    Proof supporting the buyer's claim that the seller misrepresented to him the condition of second-hand pool tables,

[1]Sales, 35 Cyc. p. 401; [2]Id.. 35 Cyc. p. 130.
On the question of warranty upon sale of second-hand article, see note in L. R. A. 1915B, 477.

thereby inducing him to enter into a contract for their purchase, raised a question of fact which should have been submitted to the jury.[3]

4. SAME—RESCISSION.

A request by the buyer of second-hand pool room equipment, who claimed that he had not got what he bought, that the seller take back the property and return to the buyer what he had paid on the purchase price and the seller's refusal, to do so, were sufficient in law to constitute a rescission.[4]

5. SAME—REMOVAL OF PART OF GOODS SOLD NOT GROUND FOR RESCISSION.

Although removal of part of second-hand pool room equipment by the seller before possession was turned over to the buyer, who accepted it on the seller's promise to supply the missing articles, which was not done, might give the buyer a right of action for their value, it would not support his claimed right to rescind because of false representations inducing the purchase.[5]

6. SAME—CONDITION OF PROPERTY IN POSSESSION OF SELLER PRESUMED TO BE SAME WHEN DELIVERED AS WHEN PURCHASED.

Where second-hand pool room equipment was in the possession and under the control of the seller from the time of its sale until delivered to the buyer, it must be assumed that its condition when delivered was the same as when purchased.[6]

Error to Wayne; La Joie (Ernest P.), J. Submitted January 6, 1925. (Docket No. 21.) Decided April 3, 1925.

Case by Hipolit Hysko against Felix Morawski for fraud in an exchange of real and personal property. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Jonas B. Houck* and *Charles C. Stewart,* for appellant.

*Lawhead & Kenney,* for appellee.

[3]Sales, 35 Cyc. 158; [4]Id., 35 Cyc. p. 148; [5]Id., 35 Cyc. p. 130; [6]Id., 35 Cyc. p. 190 (1926 Anno).

SHARPE, J.   Plaintiff, claiming to have rescinded a contract made by him with defendant for the sale of certain personal property because of misrepresentation, brought suit to recover the amount paid by him thereon.   The trial court directed a verdict against him for the reasons that the proofs offered were not sufficient to establish fraud and that he had not rescinded.   Plaintiff reviews the judgment entered thereon by writ of error.

Plaintiff's proofs tended to show that on March 23, 1922, he visited a pool room owned by defendant with a view to purchasing the equipment; that the tables were at that time covered; that defendant removed the covering from the two front tables and said the other four were just the same; that he believed this statement and relied on it; that the outfit was then fully equipped with balls, cues, racks, bridges, etc., and a shoe shining and hat cleaning equipment; that he then entered into a memorandum of agreement to purchase the entire outfit at the price of $465 and the conveyance of a lot he owned at 226 Meldrum avenue; that he paid $65 at that time; that on March 28th he again visited the place, paid $200 in money, gave defendant his note for $200, secured by a chattel mortgage on the property, due in 90 days, executed and delivered the deed to the lot, and received from defendant a bill of sale of the property; that defendant did not then give him the key to the building, saying he had forgotten it; that he got the key a few days later and went to the premises to remove the property to his place of business; that a part of the equipment was then missing; that the tables were removed without taking off the covers; that he told defendant "I no got what I bought," "and he says, you move that and we make it right together;" that about two weeks later he removed the cloth over the bed on the four tables from which the covers had not been removed,

and found the stones "were cracked and busted;" that "you couldn't play because the balls would not roll straight;" that he then saw defendant and told him he could not use the tables and asked him "give me my lot and the money and take your stuff out; give me my mortgage and give me my lot, the deed for my lot. He didn't do it;" that he then stored the property in a vacant garage, and defendant afterwards took it under his chattel mortgage. Plaintiff's testimony as to what defendant said relative to the condition of the tables was corroborated by a witness who was then present.

The contract of purchase was in writing. It was followed by a bill of sale in the usual form. Neither contained an express warranty of the condition of the tables.

As a general rule, there is no implied warranty on the sale of second-hand articles that the thing purchased is fit for the purpose for which it is to be used. *Bayer* v. *Winton Motor Car Co.*, 194 Mich. 222.

Plaintiff's right of recovery must rest upon a fraudulent representation of defendant, inducing the purchase. If the defendant uncovered but two of the tables and assured plaintiff that the other four "were just the same," when in truth and in fact the beds of the others were so cracked and plastered up that a ball would not run in a straight line on them, and plaintiff relied on this statement, and it was in fact untrue, and the four tables by reason thereof could not be used for the purpose for which they were purchased, the plaintiff would have been justified in rescinding. There was proof to support plaintiff's claim in this respect, and it should have been submitted to the jury. His request that defendant take back the property and return to him what he had paid in money or property on the purchase price and defendant's refusal to do so were sufficient in law to constitute a rescission.

The fact that a part of the equipment had been removed before possession was turned over to him in no way affects the question. His acceptance, coupled with defendant's promise to supply the missing articles, might give him a right of action for their value, but in no way support his claimed right to rescind.

The assignment based on the refusal of the court to permit a witness to testify to the condition of the tables when set up in plaintiff's place of business is not likely to arise on a new trial. The proof that the tables were in the same condition as when delivered to plaintiff is not very satisfactory. Their condition at the time of delivery must be assumed to be the same as when purchased, as they were in defendant's possession and under his control during this time.

The judgment is reversed and set aside, and a new trial ordered, with costs to plaintiff.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.