HEIMERDINGER *v.* STANDARD MOTOR SALES.

1. SALES—AUTOMOBILES—RESCISSION—FRAUD—EVIDENCE.
    In action for fraud in sale of a used automobile, record *held*, without evidence that at time car was sold it was not in A-1 mechanical condition as represented although after being driven to a nearby city at speed of 50 miles an hour it was found to have a burned out bearing.

2. SAME—RESCISSION—FRAUD—MECHANICAL CONDITION.
    To rescind a purchase of a car for fraud and recover the payment made, a plaintiff must show that the representation that it was in A-1 mechanical condition at time of sale was false.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 10, 1938. (Docket No. 80, Calendar No. 39,986.) Decided October 3, 1938. Rehearing denied November 10, 1938.

Action by William Heimerdinger against Stand-, ard Motor Sales, a Michigan corporation, for return of money paid for a motor vehicle. Judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Burke & Burke,* for plaintiff.

*Lindley, Delaney & Worsham,* for defendant.

BUTZEL, J.  Plaintiff purchased a used Packard car from defendant in the city of Detroit. A salesman told plaintiff that the car was in A-1 mechanical condition and that he would sell it to any of his relatives. Defendant's manager made similar representations and said that he would guarantee the car for 30 days. Before signing a written order, plaintiff and his wife, accompanied by defendant's salesman, rode in the car for approximately 10 blocks in the city of Detroit. Upon purchasing the car, plaintiff started for his home in Ann Arbor. The car ran properly to within 10 miles of Ypsilanti when plaintiff, driving at a speed of about 50 miles per hour, heard knocks in the engine. He proceeded further at a slower speed, but the knocks became louder. He drove the car into a garage in Ypsilanti and immediately advised defendant of the trouble which apparently was caused by a burned out bearing. Defendant removed the car, had it repaired and notified plaintiff. The latter, however, refused to take the car after it was repaired but demanded a return of his money. Upon refusal of the demand, plaintiff brought this action at law based on rescission for fraud. The case was tried without a jury and the court entered a judgment for plaintiff for the amount paid, with interest and costs.

We have searched the record for fraudulent misrepresentations and find none. The only guarantee contained in the written order for the car was that it was free from incumbrances. There is nothing to indicate that the car was not in A-1 mechanical condition as represented at the time it was purchased. There is no evidence of what caused the bearing to burn out. Plaintiff's own witness, a garage mechanic, testified that running the car without oil, plugging of the oil line and any number of other things might cause a bearing to burn out and that the car could have started from Detroit in perfect condition and the trouble might nevertheless have developed as it did.

In order that plaintiff may rescind for fraud and recover the purchase money, he must show that the representation that the car was in A-1 mechanical condition at the time of the sale was false. This he has not done, and, there being no proof of a fraudulent representation, the judgment cannot stand. It is reversed without a new trial, with costs to defendant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.