## SMITH *v.* LEPPO.

1. FRAUD—USED CAR—REPRESENTATION AS TO CONDITION—EVIDENCE.
    Findings of trial court in suit to rescind the purchase of a used car on ground of fraud that defendant's salesman had represented the car to be in good condition, that necessary repairs would be made during the first 30 days following the purchase, that the representation as to condition was false, and that plaintiff had relied thereon to his injury *held*, supported by evidence offered by plaintiff showing the transmission was in defective condition.

2. SAME—USED CAR—PROMISE TO REPAIR—FINDING OF TRIAL COURT —EVIDENCE.
    Promissory statement of used car salesman that defendant seller would make necessary repairs during 30-day period after the sale, while not a misrepresentation as to an existing fact unless made without any intention at the time to perform, was properly considered by the trial judge as a part of the transaction and contrary to the fact, where a misrepresentation had also been made as to the condition of the car that was false and notation on defendant's copy of bill of sale stated necessary repairs would be made on 50-50 basis.

3. SALES—RESCISSION—FRAUD—EQUITY—JURISDICTION.
    Equity has jurisdiction of suit to rescind the sale of personal property for fraud, where the seller makes a material misrepresentation as to its condition and such misrepresentation is relied upon by the buyer to his injury.

4. EQUITY—LACHES.
    Claim of laches in suit to rescind August 3, 1955, purchase of a used car for fraud is rejected, where action at law, commenced

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur, Fraud and Deceit § 283.
[2] 24 Am Jur, Fraud and Deceit § 269.
[3] 24 Am Jur, Fraud and Deceit § 189.
   Action involving rescission or right to rescind contract and to recover amount paid thereunder as one at law or in equity. 95 ALR 1000.
[4] 24 Am Jur, Fraud and Deceit § 208.

in Ingham county in December, 1955, was dismissed for lack of service; action at law commenced in Eaton county was dismissed in December, 1957, in order to prosecute instant suit for rescission which had been commenced in Ingham county March 4, 1957, in which answer was filed a year later, decree granting rescission was filed in February, 1959, and rehearing was denied in June, 1959; plaintiff had returned the car to defendant 2 days after the sale, delivered the certificate of title in August, 1957, and had been allowed to use car he had turned in when it became apparent the purchased car could not be operated without expensive repairs.

Appeal from Ingham; Coash (Louis E.), J. Submitted June 8, 1960. (Docket No. 15, Calendar No. 48,165.) Decided July 11, 1960.

Bill by Eugene Smith against Bob Leppo, doing business as Bob Leppo Sales, to rescind consummated sale and purchase of a used automobile. Decree for plaintiff. Defendant appeals. Affirmed.

*John Wendell Bird,* for plaintiff.

*John P. O'Brien,* for defendant.

CARR, J. This is a suit in equity for the rescission, on the ground of fraud, of a contract involving the purchase of a used automobile. Said purchase was made on August 3, 1955, and delivery of said automobile was made to plaintiff 2 days later. It is his claim in the instant suit that he undertook to operate said car but immediately discovered that it was not in suitable mechanical condition therefor, that it was unfit for use for transportation purposes, and that he immediately returned possession thereof to defendant. Plaintiff, at the time of such return, expected defendant to put the car in proper condition. Defendant, however, demanded the sum of $250 in cash in advance of any work on the auto-

mobile. The payment was not forthcoming, and
defendant placed the car on a lot across the street
from his garage in the city of Charlotte* where it
remained, exposed to the elements, until at least the
date of the trial of this suit in circuit court.

It was the claim of the plaintiff in his pleadings
and proofs that he was induced to make the pur-
chase of the automobile by representations on the
part of the salesman for defendant. In support of
his claim plaintiff testified on the trial that he was
told by said salesman that the car had been recon-
ditioned, that it was in "A–1 condition", and that he
was further assured that if anything went wrong
with the car during the first 30-day period after the
purchase defendant would repair it. Apparently the
copy of the bill of sale delivered to plaintiff made
no mention with reference to any agreement cov-
ering repairs that might be found necessary. It
developed on the trial, however, and is not in dis-
pute, that on the bill of sale retained by defendant
was a notation that any such necessary repairs
should be paid for on a 50-50 basis. Defendant's
insistence that plaintiff pay the sum of $250 in ad-
vance of the repairing of the car was apparently
based on such notation, which was not in accord
with the oral statement made by the salesman at the
time of the transaction with plaintiff on August 3,
1955.

After listening to the proofs of the parties and
the arguments of counsel, the trial judge found the
facts to be as claimed by plaintiff, and concluded
that the purchase of the used car had been induced
by misrepresentations as to its condition. Rescis-
sion was therefore granted, defendant being re-
quired by the provisions of the decree entered to
return to plaintiff the amount of cash that the latter

* Charlotte is located in Eaton county.—REPORTER.

had paid for the car and to return to him a 1947 used car that plaintiff had turned in as part of the consideration for his purchase, for which he had been allowed the sum of $170, or to pay the amount of such allowance in cash at his election. Said decree fixed the amount of reimbursement to plaintiff at the sum of $1,537.85, such sum representing the cash payment by plaintiff as a part of the original purchase price. Cancellation of all writings entered into in connection with the purchase was also decreed. Plaintiff's claim for reimbursement because of incidental damage that he claimed to have sustained in his attempts to operate the car was rejected. Defendant has appealed from the decree as entered.

The issues involved in the controversy are primarily factual in nature. It is appellant's claim that no misrepresentations were made inducing the purchase by plaintiff, and that testimony should not have been received with reference to the assurance that defendant's salesman had given with reference to the making of necessary repairs to the car during the 30-day period following the purchase. As indicated, the trial court accepted plaintiff's version of the transaction between the parties and found that the representation as to the condition of the car was made, that it was in fact false, and that plaintiff had relied thereon to his injury. Such finding is supported by the proofs offered by plaintiff on the hearing of the cause.

According to plaintiff's testimony the fact that the car was not in A-1 condition became apparent immediately after delivery and operation of the car. A defect in the transmission was indicated among other deficiencies, the most serious of which was the leakage of oil which resulted in ruining the motor. It was plaintiff's claim on the trial that he was not a mechanic, that his knowledge of automobiles

was limited to driving them, that he had been assured that the car had been prepared for driving, that he relied thereon, and was unable to determine the reason or reasons for the failure of the automobile to properly function.

Obviously the statement made by defendant's salesman with reference to the making of necessary repairs to the car during the first 30 days after the transaction between the parties was promissory in form. It was not a misrepresentation of an existing fact unless it may be said that it was made without any intention at the time to perform, and with the intention that plaintiff should rely thereon. *Broaden* v. *Doncea,* 340 Mich 564, 571. In this connection the fact that the notation on the bill of sale retained by defendant was at variance with the oral assurance given plaintiff, and that the copy of the contract of purchase delivered to plaintiff did not contain any such provision, is at least of some significance. Furthermore, the assurance as to repairs was given in connection with the representation that the car had been reconditioned and was in A-1 condition at the time of the sale. The oral undertaking as to repairs may properly be regarded as calculated to suggest to plaintiff that the representation as to condition was made in good faith, and that defendant's salesman had no reason to believe serious mechanical difficulties in connection with the operation of the car would arise. The statement with reference to repairs was a part of the transaction between the parties, and the trial judge was not in error in giving it consideration in connection with the proofs relating to the stated representation as to condition. Such representation was material, and under the proofs in the case we think the trial court was justified in finding that it was not in accordance with the actual fact.

In *Heimerdinger* v. *Standard Motor Sales,* 285 Mich 536, the plaintiff brought an action at law to recover money paid by him for an automobile under a contract that plaintiff claimed had been rescinded because of fraud in its inducement. As in the case at bar, the plaintiff was told by a salesman for defendant that the automobile was in "A-1 mechanical condition". This Court recognized that a misrepresentation of such character might be the basis for rescission but concluded under the proofs that it had not been shown that the condition of the automobile at the time of its purchase was not as represented. It is interesting to note that defendant's manager had stated that he would guarantee the car for 30 days. The machine developed motor trouble, and plaintiff returned it to defendant who repaired it in accordance with the salesman's promise and notified plaintiff that the defect had been remedied. The latter, however, refused to accept the car after it was repaired and sought return of the purchase price. Judgment in plaintiff's favor was reversed on the ground that the representation made had not been shown to have been false.

In *Hysko* v. *Morawski,* 230 Mich 221, plaintiff sought the recovery of the amount paid by him for second-hand poolroom tables, claiming that the condition of said tables had been misrepresented and that he had made the purchase in reliance on defendant's statement as to condition. Plaintiff demanded the return of the purchase price. In reversing a judgment in defendant's favor, it was held that if the facts were as claimed by plaintiff he was entitled to rescind and had in fact done so. For like reasons plaintiff was entitled to rescind in the instant case. Under the proofs equity had jurisdiction to grant such relief.

Appellant further claims that plaintiff should be denied relief because of the delay in instituting the

present suit, the bill of complaint in which was filed March 4, 1957. On behalf of plaintiff it is claimed that prior thereto, and under date of December 14, 1955, an action at law was instituted in the circuit court of Ingham county, apparently on the theory that there had been a rescission of the purchase by plaintiff following his discovery of the condition of the car and the refusal of the defendant to repair it at his own expense. Subsequently the case was dismissed for the reason, as it is claimed, that service of process could not be obtained within the county. This was followed by institution of a law action in the circuit court of Eaton county which, as appears from the uncontroverted averments of plaintiff's reply to defendant's answer, was dismissed in December, 1957, in order that the present suit might be prosecuted in Ingham county.

It is contended that said law action was brought on the theory that rescission had taken place prior to its institution. In the case at bar the bill of complaint is not predicated on such theory but, rather, is an appeal to equity to grant rescission on the theory of fraud and misrepresentation. The record before us does not affirmatively indicate that either of the actions at law was well-founded. In this connection it may be noted that plaintiff's attorney did not return to defendant the certificate of title to the automobile purchased by plaintiff until August 13, 1957. It does not appear that delivery of the certificate was rejected by defendant, and so far as the record discloses he still has it. It is a fair inference also that defendant understood, because of the bringing of the actions at law, that plaintiff was proceeding on the theory that he had actually rescinded the transaction by delivering the automobile to defendant, who still has it, and by refusing to advance the payment for repairs as demanded by defendant.

That defendant retained possession of the car and presumably still has it is not in dispute. He did not, so far as the record discloses, attempt to return it to the plaintiff, or make any offer so to do. It is also in evidence that the used car that plaintiff turned in as part of the purchase price of the automobile in question was returned to him by defendant, or by his salesman, ostensibly for the purpose of permitting him to use it while the 1953 Oldsmobile was being repaired. At the time of the hearing in circuit court such repairs had not been made because of plaintiff's failure to pay the sum of $250 as demanded.

The situation presented is unusual and indicates that the disposition of the controversy has not been sought with diligence by the parties thereto. As noted, the bill of complaint in the present suit was filed March 4, 1957. The answer thereto was filed March 21, 1958. The final decree allowing rescission was filed February 6, 1959. Thereafter, and following the filing of a claim of appeal, a motion for rehearing was made by defendant and denied by the trial judge after a hearing on June 19, 1959. In view of the situation suggested by the record, we are in accord with the conclusion of the trial judge that the claim of laches should be rejected.

Other questions raised by counsel have either been substantially covered by the foregoing discussion or do not require consideration. The decree of the circuit court is affirmed. Plaintiff may have costs.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.